**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ASHLEY N. MUSARRA, | CASE NO. 1:18CV959 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | **OPINION AND ORDER** |
| UNIVERSITY HOSPITALS PHYSICIAN SERVICES, INC., et al., Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #14) of Defendants Lisa Abbott and Harry Pearce to Dismiss Plaintiff's Amended Complaint. For the following reasons, the Motion is denied.

### I. PROCEDURAL BACKGROUND

Ashley Musarra initiated this employment discrimination action against Defendants University Hospital Physician Services, Inc. ("UHPS"), Lisa Abbott, Harry Pearce and University Primary Care Practices, Inc. Musarra alleges that she was unlawfully terminated: 1.) because of her pregnancy; 2.) as a result of suffering pregnancy-related medical conditions; 3.) in retaliation for reporting unlawful sexual harassment; and 4.) for

complaining about Pearce's conduct.  Musarra claims that Defendants violated Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA") and Ohio Revised Code 4112.02 (Ohio's anti-discrimination and anti-retaliation statute).  Only the state law causes of action were brought against Musarra's supervisors - Pearce and Abbott.  No federal claims were brought against Pearce and Abbott because, unlike the federal definition of "employer" found in Title VII, the Ohio Supreme Court has interpreted the definition of "employer" in R.C. 4112.02 broadly to include supervisors and managers.  R.C. 4112.02 utilizes different language in its definition of "employer" than Title VII.  Pearce and Abbott move to dismiss the state law claims arguing that they are not "employers" under R.C. 4112.02.

## II. FACTUAL BACKGROUND

Ashley Mussarra was hired by UHPS as a Regular Part Time Registered Nurse on April 5, 2017.  In May 2017, Musarra discovered that she was pregnant and notified UHPS shortly thereafter.

After notifying UHPS of her pregnancy, Musarra requested accommodations for her pregnancy-related conditions.  Specifically, Musarra requested part-time shifts to assist with side effects such as morning sickness.  UHPS denied Musarra's requests.

After making her requests, Musarra alleges that, from June 11, 2017 through July 20, 2017,  her supervisor, Harry Pearce, made a series of inappropriate comments and gestures toward her.  On June 11, Pearce allegedly told Musarra that she had large breasts and that she had a "lucky husband."  Pearce also allegedly made comments throughout Musarra's pregnancy about how "her breasts were getting bigger."  In addition, Pearce would allegedly

"brush up" against Musarra when she passed him in the hallway and made multiple requests for Musarra to stay after hours to work alone with him. Musarra claims she rejected each of these requests and notified her supervisor, Lisa Abbott, of Pearce's inappropriate behavior.

According to the Complaint, on July 20, 2017, Abbott met with Musarra and told Musarra that she was not meeting performance expectations. On July 24, 2017 Musarra's employment was terminated. Musarra named Abbott as a Defendant in this lawsuit because Abbot "participated in the decision" to terminate Musarra. Approximately one year later, Musarra initiated this lawsuit.

### III. LAW AND ANALYSIS

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

> complaint, they must be supported by factual allegations. When there
> are well-plead factual allegations a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement
> to relief. *Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**The Ohio Supreme Court's Interpretation of "Employer"**

The overarching issue is how Ohio courts have interpreted the definition of "employer" found in Ohio R.C. 4112.02. Specifically, whether that definition includes individual managers or supervisors such as Pearce and Abbott, and therefore authorizes plaintiffs to bring state discrimination lawsuits against them in their individual capacity.

There are two Ohio Supreme Court cases that shed light on this issue: *Genaro v. Cent. Transport, Inc.*, 84 Ohio St.3d 293 (1999); and *Hauser v. Dayton Police Dept.*, 140 Ohio St.3d 268 (2014). In *Genaro*, the Ohio Supreme Court held that, for purposes of R.C. 4112, a supervisor or manager may be held jointly and/or severally liable with an employer for discriminatory conduct. *Genaro*, 84 Ohio St.3d at 300. In *Hauser*, the Ohio Supreme Court held that R.C. 4112 does not "expressly impose" civil liability on political subdivision employees so as to trigger the immunity exception in R.C. 2744.03(A)(6). *Hauser*, 140 Ohio St.3d at 273. Thus, employees of political subdivisions, according to the Ohio Supreme Court in *Hauser*, cannot be held individually liable for discrimination because they are immune

under R.C. 2744.03.

The *Hauser* majority distinguished *Genaro* by stating that *Genaro* "involved *private*-sector supervisors and managers and it asked only whether such persons may be jointly and severally liable with an employer for conduct 'in violation of R.C. Chapter 4112.'" *Id*. (emphasis in original). The *Hauser* majority further stated that *Genaro* "did not squarely address the immunity question at issue here," and therefore, it is "not binding authority." Taken together, these statements reflect the *Hauser* majority's clear intent to not overrule *Genaro* even though their decision arguably calls *Genaro's* reasoning into question.

Pearce and Abbott rely primarily on the *Hauser* decision in their Motion. But, unlike *Hauser*, Pearce and Abbott are not employees of a political subdivision and they may not claim immunity under R.C. 2744.03(A)(6)(c). Pearce and Abbott ask this Court to extend the holding in *Hauser* to private-sector supervisors and managers even though the majority in *Hauser* declined to do so. Such an extension would effectively overrule the Ohio Supreme Court's decision in *Genaro*. Further, the Ohio General Assembly has amended R.C. 4112 five times since the *Genaro* opinion was issued and has declined to adopt a different definition of "employer" in each instance. Therefore, *Genaro* remains controlling until the General Assembly changes the definition of "employer" in R.C. 4112 or the Ohio Supreme Court affirmatively overrules *Genaro*.

**The Approach Taken by Other Federal Courts**

Other federal district courts have been faced with this issue. Some have ignored the Ohio Supreme Court's holding in *Genaro* and have instead decided to extend the holding in *Hauser*. In *Parker v. Strawser Construction Inc.*, 307 F.Supp.3d 744 (S.D. Ohio April 25,

2018), for example, the Southern District of Ohio took the position that R.C. 4112 does not impose individual liability on supervisors and managers. The Southern District reasoned that the *Hauser* decision overruled *Genaro* even though the majority in *Hauser* explicitly stated that the decision was not intended to do so. *Id*. at 752. Further, as demonstrated below, the Southern District ignored the Sixth Circuit's interpretation of the definition of "employer" in R.C. 4112.

Other courts have side-stepped the issue. In *Longoria v. Autoneum N. Am., Inc.*, No. 3:14CV2648, 2015 WL 6658675 (N.D. Ohio Oct. 30, 2015), the Northern District of Ohio avoided ruling on the matter stating, "If *Genaro* is still good law, Longoria could proceed with his claims against Bishop and Klusmeyer under § 4112.02. Although I am inclined to agree with defendants [sic] *Genaro* is no longer good law, I need not definitively tackle the issue here. That is so, because Longoria has not plausibly alleged the harassment he experienced was sufficiently severe and pervasive to qualify as a hostile work environment." *Longoria*, at 5. Thus, plaintiff's claims were dismissed and the court did not decide whether individual managers or supervisors were "employers" under R.C. 4112.02. Nevertheless, *Longoria* noted that the *Hauser* majority "took pains...not to overturn Genaro." *Id*. Accordingly, the court's comment that *Genaro* is no longer good law is properly classified as dicta. And, even if the Northern District in *Longoria* did rule on the issue, its decision would not be binding on this Court.

To be sure, the holding in *Hauser* has fostered confusion and the Ohio Supreme Court has been less than clear on whether R.C. 4112 imposes individual liability on supervisors and managers. This lack of clarity has caused other federal courts to improperly cite the *Hauser*

decision as evidence that *Genaro* is no longer good law. But, a careful reading of *Hauser* reveals that the decision merely created an exception that applies when the immunity provision in R.C. 2744.03(A)(6)(c) is invoked. Here, that immunity provision is inapplicable because Pearce and Abbott are not political subdivision employees. Therefore, *Hauser* is not controlling.

**The Sixth Circuit's Decision in *Ault v. Oberlin College***

In *Ault v. Oberlin College*, 620 Fed.Appx. 395 (6th Cir. 2015), three employees brought Title VII and R.C. 4112 claims against Defendant Oberlin College and the Dean of the college. The Sixth Circuit granted summary judgment in Defendants' favor on all claims, holding that the discrimination complained of was not sufficiently severe or pervasive to invoke Title VII or R.C. 4112. In doing so, however, the Sixth Circuit stated that plaintiffs could have made a claim against the Dean in his individual capacity. Citing *Genaro*, the Sixth Circuit noted, "In addition to the employer's potential liability, "a supervisor/manager may be held jointly and/or severally liable with his/her employer for discriminatory conduct of the supervisor/manager in violation of ... Chapter 4112." *Id*. at 399.

Thus, as recently as 2015, the Sixth Circuit has cited *Genaro* for the proposition that individual managers and supervisors may be held liable under R.C. 4112. The *Hauser* decision was issued in 2014.

**This Court's Decision in *Rosecrans v. Village of Wellington***

Finally, Pearce and Abbott argue that this Court's decision in *Rosecrans v. Village of Wellington*, No. 1:15CV0128, 2016 WL 165450 (N.D. Ohio 2016) is dispositive on the issue of whether Musarra's state discrimination claims can be brought against supervisors or

managers. In *Rosecrans*, this Court cited *Hauser* for the proposition that individuals are not "employers" under R.C. 4112.02. *Rosecrans*, at 4. The issue in *Rosecrans* was whether the Mayor of the Village of Wellington could be held liable under R.C. 4112 in her individual capacity. The Mayor claimed that she was immune under R.C. 2744.03(A)(6). This Court agreed. The immunity provision applied because the Village of Wellington is considered a "political subdivision" as that term is defined in R.C. 2744.01(F).

As such, *Rosecrans* was an immunity case involving a political subdivision employer rendering *Hauser* the appropriate and applicable law. Here, there is no such immunity claim and UHPS is not a political subdivision. Thus, *Genaro*, not *Hauser*, is controlling and Pearce and Abbott's reliance on this Court's decision in *Rosecrans* is misplaced.

## IV. CONCLUSION

The *Hauser* decision has fostered significant confusion among federal courts regarding the issue of whether R.C. 4112.02 permits discrimination claims against individual supervisors and managers. Nevertheless, in *Hauser*, the Ohio Supreme Court made clear that its decision did not overrule *Genaro*. Further, the Ohio General Assembly has amended R.C. 4112.01 five times since *Genaro* was issued and decided not to address the precedent through legislation. *Genaro* therefore remains good law. Accordingly, Pearce and Abbott's Motion is denied.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

Dated: January 24, 2019